UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
ONE COWDRAY PARK DRIVE, LLC

        Plaintiffs,

-versus-

MARVIN LUMBER AND CEDAR
COMPANY, and MARVIN WINDOWS
OF TENNESSEE, INC.,
------------------------------------------------------------x

FILED

Case Number
3:02CV 1373(MRK)

JOINT REPORT
PURSUANT TO
LOCAL RULE 38

Date Complaint Filed: August 8, 2002

Date Complaint Served: November 25, 2002 (Marvin Windows of Tennessee, Inc.)
                        November 26, 2002 (Marvin Lumber and Cedar Company)

Date of Defendants' Appearance: December 13, 2002

        Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R 38, the undersigned counsel for the parties to this action have conferred and hereby submit this Joint Report Pursuant to Local Rule 38.

I.       CERTIFICATION

        Undersigned counsel hereby certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.      JURISDICTION

        A.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

        B.     Plaintiffs contend that this Court has personal jurisdiction over all defendants pursuant to Fed. R. Civ. P. 4(h) and the Connecticut long-arm statute based on the defendants of products in Connecticut that are the subject of this dispute.

III.     BRIEF DESCRIPTION OF CASE

        A.     <u>Claims of Plaintiff</u>:  Plaintiffs contend that defective windows designed and manufactured by defendants caused damage to plaintiff's home located at One Cowdray Parl Drive, Greenwich, Connecticut. As a result of defendant's defective design and manufacturing of there windows, plaintiffs have incurred damage to their home in excess of $75,000.00.

        B.     <u>Defense of Defendants</u>:  Defendants deny the claims of plaintiffs. Defendants further assert its affirmative defenses as set forth in its answer which are:

- The Complaint fails to state a claim upon which relief can be granted.
- Defendants says that the injuries or damage alleged was caused in whole or in part by plaintiff's own negligence, or the negligence of the predecessors in title.
- Defendants say that plaintiffs have not commenced this action within the time allowed for commencement of suit by statute, law, contract or otherwise.
- Defendants say that the claims asserted are barred by the doctrines of collateral estoppel and/or res judicate.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiffs One Cowdry Park Drive LLC is a State of Nevada limited liability company which owned the property at One Cowdry Drive in Greenwich, Connecticut.

2. Defendant Marvin Lumber and Cedar Company is corporation organized under the laws of Minnesota with its principal place of business in Warroad, Minnesota. At all times relevant to this action, Defendant Marvin Lumber and Cedar Company was engaged in the business of manufacturing windows.

## V. CASE MANAGEMENT PLAN

A. <u>Standing Order on Scheduling in Civil Cases</u>: The parties request a modification of the standing order on scheduling as discussed below.

B. <u>Scheduling Order With the Court</u>: The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C. <u>Early Statement Conference</u>:
   1. The parties hereby certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
   2. The parties do not request an early settlement conference.
   3. The parties prefer a settlement conference with magistrate judge.
   4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. <u>Joinder of Partied and Amendment of Pleadings</u>
   1. Plaintiffs should be allowed until March 30, 2004 to join additional parties and until April 15, 2004 to file motions to amend the pleadings.
   2. Defendants should be allowed until May 15, 2004 to join additional parties until June 1, 2004 to file motions to answer the pleadings.

E. <u>Discovery</u>

1. The parties hereby stipulate to extend the time to exchange initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) until April 15, 2004.

2. The parties anticipate that discovery will be needed on the following subjects:
   a. The nature and extent of the alleged design and manufacturing defects in defendants' products;
   b. The nature and extent of the damages alleged by plaintiffs;
   c. All acts performed by plaintiffs to mitigate alleged damages;
   d. All acts performed by defendants to mitigate alleged defects;
   e. The dates, circumstances and names of all parties present when the alleged defects were first discovered by plaintiffs;
   f. The dates, circumstances and names of all parties present when the alleged defects were first reported to defendants;
   g. All steps taken by defendants to investigate defects alleged by plaintiffs or similar defects regarding other products designed, manufactured or sold by defendants;
   h. The expert analysis, reports, opinions and all related documentation, which led plaintiffs to conclude that defendants are responsible for the alleged defects;
   i. The complete history of installation and maintenance of the allegedly defective windows;
   j. All export reports, opinions, and other analyses by defendants or their agents regarding defects alleged by plaintiffs or similar defects regarding other products designed, manufactured or sold by defendants; and
   k. The factual basis for plaintiffs' claims and defendants' defenses.

The parties expressly reserve all rights to object to discovery on any of the above-listed subjects on any grounds, including without limitation, objections that such discovery might be irrelevant, overly broad or unduly burden, or that such discovery might seek privileged information.

3. All discovery will be commenced immediately. The parties anticipate discovery can be completed (not propounded) by October 15, 2004.

4. Discovery will be conducted in phases.

5. The parties anticipate that the plaintiffs will require a total of 10 depositions by fact witnesses and that the defendants will require a total of 10 depositions by fact witnesses. The depositions will commence

        immediately. The parties anticipate depositions can be completed by October 15, 2004.

6.     The parties may request permission to serve more than twenty-five (25) interrogatories.

7.     Plaintiffs intended to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2004. Depositions of such exports shall be completed by August 1, 2004.

8.     Defendants intended to expert witnesses at trail. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2004. Depositions of such experts shall be completed by September 1, 2004.

9.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 15, 2004.

F.     <u>Dispositive Motions</u>

Dispositve Motions will be filed on or before February 15, 2005.

G.     <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the standing order of trial memoranda in the civil cases will be filed by March 1, 2005.

VI.     TRIAL READINESS

This case will be ready for trial April 1, 2005.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promoted the just, speedy and inexpensive determination of this action.

Dated: February 17, 2004

Joseph F. McKeon, Jr.
MCKEON, WILKINS & CUDDY
2551 Post Road
Southport, CT 06890
(203) 255-3344
Federal Bar Number: CT05860

Thomas J. Hagarty, J
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103