UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ONE COWDRAY PARK DRIVE, LLC | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02 CV 1373 (MRK) |
| V. | : | |
| MARVIN LUMBER AND CEDAR CO. & MARVIN WINDOWS OF TENNESSEE, INC., | : | |
| Defendants. | : | NOVEMBER 15, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

The defendants, Marvin Lumber and Cedar Company, Inc. and Marvin Windows of Tennessee, Inc., submit this Memorandum in support of its Motion for Summary Judgment pursuant to Rule 56 of the Rules of Federal Civil Procedure. The plaintiff, One Cowdray Park Drive, LLC, is a member of the class in a class action filed in Minnesota state court entitled O'Hara, et al. v. Marvin Lumber and Cedar Company, et al., Civil Action No. PD 00-014027. The plaintiffs in the Minnesota class action asserted the same claims against Marvin as the plaintiff asserts in this action. The parties to the Minnesota class action settled those claims and the Court approved the settlement, and entered a final judgment on December 4, 2002 pursuant to Rule 5402 of the Minnesota Rules of Civil Procedure. Since the plaintiff was a member of the class, it was a party to the O'Hara lawsuit and the judgment entered therein and therefore it is barred from pursuing this lawsuit against the defendants, pursuant to the doctrine of res judicata. Further, the settlement and judgment included a release from class members to the defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

As was brought to the Court's attention during the November 2, 2004 conference, the defendants are relying heavily upon a recent, nearly identical case decided by the First Circuit Court of Appeals entitled Reppert v. Marvin Lumber and Cedar Company, Inc., 359 F.3d 53 (2004). The plaintiffs in Reppert were also members of the O'Hara class, but nonetheless sought to bring suit against Marvin in the Massachusetts state courts. Following removal to federal court, the district court dismissed the plaintiff's Complaint and the dismissal was upheld on appeal by the First Circuit Court of Appeals. The defendants have attached hereto the Appendix from the Reppert appeal which contains documents relating to the O'Hara class action lawsuit and settlement upon which the defendants rely in this Motion for Summary Judgment.

## II.   RELEVANT FACTUAL BACKGROUND

The plaintiff alleges that it is a Nevada limited liability company authorized to conduct business in the state of Connecticut and that in 1999 it purchased a residence known as One Cowdray Park Drive in Greenwich, Connecticut. The plaintiff further alleges that this residence contained windows and associated trim materials which were purchased and installed at the premises between 1986 and 1989 by Bourke and Matthews, a general construction contractor. The plaintiff further alleges that on August 12, 1999 it discovered that the windows and associated trim materials manufactured by the defendants showed signs of wood decay. The plaintiff further alleges that the windows and trim materials were defective because the windows were treated with a wood preservative containing a chemical product known as "PILT" which, in fact, did not adequately protect the wooden windows and trim, but rather allowed moisture infiltration, resulting in rot and wood decay. The plaintiff brings this action pursuant to § 52-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

572m of the Connecticut General Statutes, commonly referred to as the Product Liability Act.[1] The plaintiff's Complaint is dated August 9, 2002.

In October 1999 the O'Hara lawsuit was commenced in the Minnesota state court seeking damages on behalf of owners of wood-clad Marvin doors and windows treated with PILT between 1985 and 1988. (App. pp. 96-120.) Ultimately, an "Agreement of Settlement," dated July 17, 2001, was entered into between the plaintiffs and the defendants relating to the class action lawsuit. (App. pp. 122-147.) On October 23, 2001 a "Fairness Hearing" was conducted by the Court and on December 4, 2001 the Court entered judgment which incorporated by reference the terms of the aforementioned Settlement Agreement. (App. pp. 30-53.)

### III. SETTLEMENT AGREEMENT AND JUDGMENT

The "Agreement of Settlement" defined the "Settlement Classes" as "all current owners of Marvin PILT Units manufactured in calendar years 1985 through 1989" and divided the "Settlement Classes" into two separate groups. (App. p. 125.) The Settlement Agreement excluded from the Settlement Classes all owners of Marvin PILT Units who have previously entered into binding settlements with and/or Releases with Marvin and other plaintiffs who do not affirmatively opt-in to the Settlement Class on or before January 15, 2002. (App. p. 126.) "Settlement Class Members" was defined as all members of the Settlement Classes, except those that validly and timely elect exclusion from the Settlement Class under the conditions and

---

[1] The defendants understood the Court's order relating to this motion that the motion be limited to the class action issues. The defendants do not waive their claim that this lawsuit does not come within the scope of the Product Liability Act, but rather comes within the scope of the UCC and therefore is barred by the applicable UCC statute of limitations.

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

procedures for exclusion as determined by the Court and described in the Notice of Pendency and Settlement of Class Action. (App. p. 126.) The Agreement for Settlement further provided that each Settlement Class Member shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished and discharged all released claims against Marvin. Further, it provided Releases from Marvin running in favor of Settlement Class Members for any claims for abuse of process, malicious prosecution, etc. (App. p. 132.)

As noted above, the Settlement Agreement was incorporated into the Judgment entered by the Court on December 4, 2001. In the Settlement Memorandum, the Court found the settlement terms to be fair, adequate and reasonable, after considering the various criteria provided for under Minnesota law. (App. pp. 10-19.) The Court further found that the notice comported with the requirements of Minnesota law as well as due process requirements. (App. pp. 8-10.) The Court specifically stated that class members whose identity was known (roughly 10,500 class members) received direct mail notice. In addition, the defendant provided notice by way of newspaper publication, a dedicated Web site, pursuant to a program developed by public relations experts with extensive experience in class action notification. The Court also specifically found that Marvin could not reasonably identify all of the potential class members and that due process requirements were met by way of the published notices. (App. pp. 8-10.) In the Connecticut/New York area, notice was published in *The Hartford Courant*, *The Waterbury Republican-American*, and *The Stamford Advocate*, as well as *The New York Times*, *Wall Street Journal*, and *USA Today*. (App. pp. 173-289.)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## IV. LAW

### A. The Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata

In this action, the plaintiff alleges that the Marvin windows at the property in question were defective and experienced premature wood rot as the result of the PILT wood preservative. This is the same claim made in the Minnesota class action which was resolved pursuant to the Settlement Agreement and Judgment. The plaintiff is a member of the Settlement Class because the windows in question were purchased during the time period in question. The plaintiff has not claimed that it opted out of the settlement. Thus their claims are barred by the doctrine of res judicata. This was the precise issue before the First Circuit Court of Appeals in the case of Reppert v. Marvin Lumber and Cedar Company, supra. The Court found that the plaintiff's claims were barred not only the doctrine of res judicata (based on the Judgment) but also based upon the doctrine of "Release," due to the fact that the Settlement Agreement contained a Release of all class members running in favor of the Marvin entities. The Reppert Court specifically found that res judicata was a valid defense because there was a final judgment on the merits of an earlier action and that there was identity of the parties and identity of the claims in both suits.

In Reppert, the Court also rejected the claim that the settlement violated the plaintiff's due process rights because they may not have received actual notice of the class action settlement. The Court noted that actual notice is not required and that the newspaper notices met the legal requirements of due process. Id., p. 57.

In this case, there is no question that the claim is barred by the class action settlement, as it was in Reppert. The claims asserted by the plaintiff relating to the Marvin windows treated

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

with PILT are identical to those raised in the class action lawsuit. The plaintiff clearly is a member of the class because it was the owner of "Marvin PILT Units manufactured in calendar years 1985 through 1989." Further, the plaintiff is bound by the finding of the O'Hara Court that notice was adequate under Minnesota law and met due process requirements. Further, as noted by the Reppert Court, it is clear that the newspaper notice met due process requirements (in Reppert publication was in the *Boston Globe*). In this case, there was publication in three major Connecticut newspapers, including *The Stamford Advocate*. In addition, publication was made in *The New York Times*, *Wall Street Journal*, and *USA Today*. In addition to res judicata, the Reppert Court also relied upon the release contained in the settlement/judgment in finding that the plaintiff's claims were barred.

At this point it is not clear if the plaintiff intends to claim that it was not a member of the class or that the notice was not adequate, given the particular facts of this case. If such a claim is made, however, it is the defendants' position that this Court is barred from considering those arguments under the so-called "Rooker-Feldman doctrine" as developed in the Supreme Court cases entitled Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923). The final judgment and settlement entered by the state court in the O'Hara class action is presumptively valid under the Full Faith and Credit Act, codified at 28 U.S.C. 1738. To the extent a party is dissatisfied with or otherwise seeks to challenge a state court judgment, that party must do so in the state court where the judgment was entered. Under 28 U.S.C. 1257, federal review of state court judgments can only be obtained in the United States Supreme Court. Kenmen Engineering v. City of Union, 314 F.3d 468, 473 (2002). Thus it has been held that a federal district court

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

cannot overturn a state court judgment approving a class action settlement entered after a fairness hearing, based upon claims that the plaintiff's due process rights were violated. See Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7 Cir. 1996). Although the Reppert Court did not feel it necessary to base its decision on the Rooker-Feldman doctrine, it noted in n.3 that the doctrine likely prevented a collateral challenge to the validity of the O'Hara judgment on due process grounds. Id. at 57.

In sum, it is clear that the plaintiff's claim is barred by the doctrine of res judicata and release due to the settlement in the O'Hara class action lawsuit. The plaintiff clearly is a member of the class, as an owner of the particular product in question and the claims raised in this lawsuit are clearly identical to those raised in the O'Hara lawsuit. The plaintiff has not alleged that it opted out of the O'Hara class action settlement and therefore is bound by the final judgment entered on December 4, 2001 releasing Marvin of any and all claims relating to this particular product. Further, the plaintiff cannot challenge the validity of the O'Hara Court's finding that notice was adequate to meet due process grounds under the Rooker-Feldman Doctrine. Based upon the foregoing, the defendants' Motion for Summary Judgment should be granted.

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

                               **THE DEFENDANTS,**
                               **MARVIN LUMBER AND CEDAR CO. &**
                               **MARVIN WINDOWS OF TENNESSEE,**
                               **INC.**

By_____
Thomas J. Hagarty, Jr. of
HALLORAN & SAGE LLP
Fed. Bar #ct05259
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## **CERTIFICATION**

This is to certify that on this 15th day of November, 2004, I hereby mailed a copy of the foregoing to:

Joseph F. McKeon, Jr., Esq.
McKeon, Wilkins & Cuddy
2551 Post Road
Southport, CT 06890

                                                  _____
                                                  Thomas J. Hagarty, Jr.

616103_1.DOC

- 8 -

One Goodwin Square                    **HALLORAN**                    Phone (860) 522-6103
225 Asylum Street                      **& SAGE LLP**                    Fax (860) 548-0006
Hartford, CT 06103                                                         Juris No. 26105