UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONE COWDRAY PARK LLC, | : |
| | : |
| Plaintiff, | :  NO. 3:02 CV 1373 (MRK) |
| | : |
| v. | : |
| | : |
| MARVIN LUMBER AND CEDAR CO. | : |
| & MARVIN WINDOWS OF TENNESSEE, | : |
| | : |
| Defendants. | : |

### MEMORANDUM OF DECISION

This lawsuit is a products liability action by Plaintiff One Cowdray Park, LLC ("One Cowdray Park") against Defendants Marvin Lumber and Cedar Co. and Marvin Windows of Tennessee doing business as Marvin Cedar and Lumber Company. Currently pending before the Court is Defendants' Motion for Summary Judgment [**doc. #28**]. For the reasons stated below, the Court GRANTS Defendants' motion.

### I.

Plaintiff One Cowdray Park is currently not represented by counsel because its former counsel, Joseph F. McKeon, Jr. was suspended from practice. *See* Order [doc. #33]. As a result, One Cowdray Park has not filed a response to Defendants' summary judgment motion. Kevin A. Coles, the trustee for the clients of Mr. McKeon has diligently attempted to contact a representative for One Cowdray Park to ascertain how it intends to proceed in this litigation, however his efforts have been unsuccessful. *See id.* The Court held an on-the-record telephonic conference with Defendants' counsel and Mr. Coles on March 8, 2005. *See* Minute Entry [doc.

#35]. At that meeting, it was agreed that the Court should proceed and rule on Defendants' unopposed motion for summary judgment.

The Second Circuit, in the seminal case of *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004) addressed the proper analysis that districts courts should employ when presented with an unopposed motion for summary judgment. The court held that "Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles." *Id.* at 242. Thus, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Id.* Accordingly, the familiar summary judgment standard still applies. Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Vt. Teddy Bear*, 373 F.3d at 244. In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003).

However, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented'." *Vt. Teddy Bear*, 373 F.3d at 244 (quotation marks and citations omitted). "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Id.* Finally, "[a]n

unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id*. at 245 (quotation marks and citations omitted).

## II.

The following facts are undisputed.[1] One Cowdray Park was at all relevant times the owner of a residence known as One Cowdray Park located at One Cowdray Park Drive in Greenwich, Connecticut. *See* Compl. at 3. One Cowdray Park alleges that this residence contained windows and trim materials manufactured by Defendants that were installed by a general contractor between 1986 and 1989. Allegedly, these windows and trim materials were treated with a wood preservative known as "PILT" which did not adequately protect the wood in the windows and trim and allowed moisture to enter the structure, resulting in premature wood rot and decay. *See* Compl. at 3-4; Defs.' Mem. in Supp. Summ. J. at 2.

A class action lawsuit titled *O'Hara et al. v. Marvin Lumber, et al.*, Civ. No. Pd-00-01–14027, was filed in a Minnesota district court by plaintiffs seeking damages due to allegedly defective windows of the same type and model as those referred to in One Cowdray Park's Complaint. *See* Compl. at 4-5; Defs.' 56(a)(1) Stmt. at ¶ 2. The *O'Hara* lawsuit was settled pursuant to a court-approved settlement agreement, which was incorporated into a judgment dated August 3, 2001. *See* Judgment, Exs. attached to Defs.' 56(a)(1) Stmt. at App. 149-78. Notice of the settlement in the *O'Hara* case was mailed directly to every reasonably identifiable

---

[1] The facts are drawn from the following pleadings submitted by Defendants, after confirmation by the Court that they are supported by the record: Plaintiff's Complaint [doc. #1] ("Compl."); Defendants' Memorandum in Support of Summary Judgment [doc. #29] ("Defs.' Mem. in Supp. of Summ. J."); and Defendants' Local Rule 56(a) Statement of Undisputed Facts [doc. #30] ("Defs.' 56(a)(1) Stmt.").

class member. *See* Rosenthal Aff., Ex. A attached to Defs.' Supp. Aff. & Supporting Docs. [doc. #37], at ¶ 6. In addition, summary notice was also published in *The Hartford Courant*, *The Waterbury Republican-American*, *The Stamford Advocate*, *The New York Times*, *The Wall Street Journal*, and *USA Today*, as well as a number of other newspapers. *See* photocopies of notice and affidavits of publication, Exs. attached to Defs.' 56(a)(1) Stmt., at App. 191-290. In a section captioned "**EXCLUSION:**," in bold-faced type and capital letters, the notice clearly stated: "If you wish to be excluded from the class, exclusions must be post-marked on or before October 8, 2001." *Id*. The notice also advised readers that it was only a "summary notice" and listed a toll-free phone number and website address where additional information could be obtained. *See, e.g.*, *Wall Street Journal* Notice, Exs. attached to Defs.' 56(a)(1) Stmt. at App. 97. One Cowdray Park did not "opt out" of the *O'Hara* class action settlement by submitting a written "request for exclusion" post-marked on or before October 8, 2001. *See* Defs.' 56(a)(1) Stmt. at ¶ 5; Daniels Aff., [doc. #37] at ¶ 4 ("I have confirmed that there is no record indicating that Plaintiff One Cowdray Park Drive, LLC either objected to or otherwise sought to opt out of the class action settlement in the O'Hara class action.").

### III.

Defendants move for summary judgment on the grounds that One Cowdray Park's claims are barred by the doctrine of res judicata as a result of the *O'Hara* settlement. In a recent opinion entitled *Patrowicz v. Transamerica HomeFirst Inc.*, 359 F. Supp. 2d 140 (D. Conn. 2005), this Court had occasion to address the same issue in a nearly identical case. As the Court discussed in detail in its ruling in *Patrowicz*, and does not repeat here, the *O'Hara* settlement has preclusive effect in this case so long as the requirements of res judicata under Minnesota law are satisfied.

*Patrowicz*, 359 F. Supp. 2d at 147-49.  The Court agrees with Defendants that on the record before the Court, these requirements have been met.

In Minnesota, "[r]es judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).  "Res judicata applies to all claims actually litigated as well as to all claims that could have been litigated in the earlier proceeding."  *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001).

It is clear on comparing One Cowdray Park's Complaint to the First Amended Class Action Complaint in the *O'Hara* case that the claims in *O'Hara* "involved the same set of factual circumstances." *Hauschildt*, 686 N.W.2d at 840.  One Cowdray Park, like the plaintiffs in *O'Hara*, alleges that it is the owner of property containing windows or doors manufactured by Defendants and treated with PILT.  *Compare* Compl. [doc. #1] at 3-4 *with* First Am. Class Action Compl., Exs. attached to Defs.' 56(a)(1) Stmt., at App. 96-120.  Similarly, One Cowdray Park, like the *O'Hara* plaintiffs, also seeks damages for the premature wood rot that occurred in the doors and windows manufactured by Defendants.  *Compare* Compl. [doc. #1] at 4-6 *with* First Am. Class Action Compl., Exs. attached to Defs.' 56(a)(1) Stmt. at App. 103-18.

The record in this case also establishes that "the earlier claim involved the same parties." Both the present lawsuit and the *O'Hara* lawsuit were undisputedly brought against the same defendants: Marvin Lumber and Cedar Company and Marvin Windows of Tennessee.  *Compare* Compl. at 1 *with* First Am. Class Action Compl., Exs. attached to Defs.' 56(a)(1) Stmt., at App.

96. One Cowdray Park was also a party to the *O'Hara* action because the claims it has asserted in this case qualify it as an *O'Hara* classmember who did not opt-out. *See Compl.* at 2-5; First Am. Class Action Compl., Exs. attached to Defs.' 56(a)(1) Stmt, at App. 110-11 (defining class members); Daniels Aff. [doc. #37] at ¶ 4 (One Cowdray Park did not opt-out). *See also Bedgood v. Cleland*, 554 F. Supp. 513, 517 (D.C. Minn. 1982) ("A judgment in a class action is res judicata as to all classmembers except for those who opt out of the class.").

Nor can there be any dispute that the *O'Hara* court's judgment incorporating the settlement agreement was a final judgment on the merits. *See Goldberger v. Kaplan, Strangis & Kaplan, P.A.*, 534 N.W.2d 734, 736 n.1 (Minn. App. 1995) ("A judgment based on a settlement agreement is a final judgment on the merits . . . with respect to those issues and claims actually settled."). *See also* Settlement Agreement, Exs. attached to Defs.' 56(a)(1) Stmt. at App. 123-27.

Finally, the Court is satisfied that Defendants have sustained their burden of showing that the fourth res judicata requirement has been met as well. "The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Joseph*, 636 N.W.2d at 328. On the whole, the record before the Court does not indicate that there were any significant procedural limitations in the prior proceeding and suggests that One Cowdray Park, like the other class members, had every incentive to litigate the matter.

The Court notes that as it discussed in detail in *Patrowicz*, even where the requirements of res judicata have been met, a plaintiff may have grounds on which to rebut a res judicata defense (such as lack or inadequacy of notice) that would free it from the otherwise preclusive effect of a

prior judgment. *See Patrowicz*, 359 F. Supp. 2d at 148-54. However, One Cowdray Park has offered no rebuttal and has instead "chosen the risky and imprudent path of relying solely on [Defendants'] failure [their] meet its burden of production." *Vt. Teddy Bear*, 373 F.3d at 247. And in any event, on the limited record before the Court it appears that the newspaper notice provided to absent class members in the *O'Hara* litigation satisfied the requirements of due process as outlined by the Supreme Court in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) and the Second Circuit in *Walmart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005). This is the same conclusion reached by the First Circuit in *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 57 (1st Cir. 2004), another case in which an *O'Hara* classmember sought, unsuccessfully, to avoid the preclusive effect of the *O'Hara* settlement.

For the aforementioned reasons, the Court concludes that Defendants have met their initial burden of showing there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

## IV.

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment [**doc. #28**]. **The Clerk is directed to close the file**.

IT IS SO ORDERED.


/s/      Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut on: June 14, 2005.**